Glenn R. Kantor – State Bar No. 122643
 E-mail: gkantor@kantorlaw.net
Brent Dorian Brehm – State Bar No. 248983
 E-mail: bbrehm@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
KESHA ELLEDGE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| KESHA ELLEDGE, | CASE NO: |
|---|---|
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, | |
| Defendants. | |

Plaintiff, Kesha Elledge, herein sets forth the allegations of her Complaint against Defendant The Guardian Life Insurance Company of America.

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action

1

involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and post judgment interest, reinstatement to the benefit plans at issue herein, and attorneys' fees and costs.

2. Plaintiff was at all times relevant, an employee of Word and Brown and a resident in the County of Orange, State of California.

3. Plaintiff is informed and believes that Defendant The Guardian Life Insurance Company of America ("The Guardian") is a corporation with its principal place of business in the State of New York, authorized to transact and transacting business in the Central District of California and can be found in the Central District of California. The Guardian is the insurer of benefits under the Word & Brown Insurance Administrators Long Term Disability Plan, (hereinafter "LTD Plan") and acted in the capacity of a plan administrator. The Guardian administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. Plaintiff is informed and believes that the LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Word and Brown, under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to Long Term Disability ("LTD") benefits. Pursuant to the terms and conditions of the LTD Plan, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the terms of the LTD Plan. The LTD Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

5. Defendant can be found in this judicial district and the Plan is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this

judicial district pursuant to 29 U.S.C. § 1132(e)(2).

## FIRST CLAIM FOR RELIEF AGAINST THE GUARDIAN LIFE INSURANCE COMPANY FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PRE-JUDGMENT AND POST-JUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS (29 U.S.C. § 1132(a)(1)(B))

6. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

7. At all times relevant, Plaintiff was employed by Word and Brown and was a covered participant under the terms and conditions of the LTD Plan.

8. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the LTD Plan.

9. In 2017, pursuant to the terms of the LTD Plan, Plaintiff made a claim to The Guardian for LTD benefits under the LTD Plan. The Guardian evaluated Plaintiff's claim, determined she was disabled under the terms of the LTD Plan, and approved her claim. Based on the evidence Plaintiff provided thereafter, The Guardian paid disability benefits through April 19, 2020.

10. In a letter dated April 2, 2020, Plaintiff's claim for LTD benefits was terminated by The Guardian. It asserted that the medical information submitted to that date did not support Plaintiff's inability to work in any occupation and that benefits would terminate on April 19, 2020.

11. On October 29, 2020, Plaintiff appealed this determination. Along with her appeal, Plaintiff provided overwhelming evidence of a covered LTD claim. Despite evidence confirming her continued disability and entitlement under the LTD Plan to continued benefits, in a letter dated February 9, 2021, The Guardian erroneously and wrongfully continued to uphold its prior determination terminating

Plaintiff's claim for LTD benefits.

12. Defendant The Guardian breached the LTD Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to Plaintiff at a time when The Guardian knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though The Guardian had such knowledge, The Guardian denied Plaintiff's LTD benefits;

(b) Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of Plaintiff's claims for LTD benefits;

(c) After Plaintiff's claim was denied in whole or in part, The Guardian failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect Plaintiff's claim along with an explanation of why such material is or was necessary; and

(d) Failing to properly and adequately investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim.

13. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied Plaintiff's disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

14. Following the denial of benefits under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

15. As a proximate result of the aforementioned wrongful conduct of the The Guardian, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

16. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

17. The wrongful conduct of The Guardian has created uncertainty where none should exist, therefore, Plaintiff is entitled to enforce Plaintiff's rights under the terms of the LTD Plan and to clarify Plaintiff's right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

1  6.  Such other and further relief as this Court deems just and proper.

2

3  DATED:    February 10, 2021              KANTOR & KANTOR, LLP

4

5                                    By:   /s/ Brent Dorian Brehm
6                                          Brent Dorian Brehm
                                           Attorneys for Plaintiff
7                                          KESHA ELLEDGE